[Crim. No. 20415. Aug. 10, 1979.]

In re RICHARD MICHAEL JOHNSON et al. on Habeas Corpus.

## COUNSEL

Donald W. Haynes, A. Edwin Olpin and Haynes & Olpin for Petitioners.

Robert N. Tait, District Attorney, and Gerald T. Shea, Deputy District Attorney, for Respondent.

## OPINION

**BIRD, C. J.**—This is a companion case to *Barber* v. *Municipal Court, ante,* at page 742 [157 Cal.Rptr. 658, 598 P.2d 818], since the facts and substantive issues are the same. However, the true identity of the police officer who sat in on attorney-client conferences was not discovered until after petitioners had been convicted at a court trial of violating Penal Code sections 602, subdivisions (k) and (n), and 409.[1]

 Petitioners seek a writ of habeas corpus, alleging that they were denied their constitutional right to counsel due to the police's intrusion on their confidential attorney-client conferences. An order to show cause

[1] Petitioners were placed on 18 months' summary probation and given 5 days in the county jail and a $500 fine.

was issued by this court so that these claims could be considered in conjunction with *Barber.*

■ Habeas corpus is an appropriate vehicle to present a claim of the violation of the right to counsel, even if the issue was not raised at trial. The writ may issue without establishing affirmatively that there was prejudice. (*In re Smiley* (1967) 66 Cal.2d 606, 625-626 [58 Cal.Rptr. 579, 427 P.2d 179].)

■ It is undisputed here, as in *Barber,* that Officer Lee attended confidential conferences between petitioners and their counsel prior to trial. In *Barber,* this court held that the surreptitious invasion of confidential attorney-client meetings by an agent of the state denied an accused his right to counsel. The proper remedy for this denial of an accused's right to privacy of communication with his counsel is the dismissal of the charges. (*Id.,* at pp. 756-759.) Under *Barber,* these convictions must be set aside.

The fact that this case reaches this court via a writ of habeas corpus is irrelevant in terms of the remedy afforded. Clearly, it would be anomalous to require a habeas corpus petitioner to meet a stricter standard for dismissal simply because law enforcement agents have successfully prevented discovery of their intrusion into the attorney-client relationship until after a conviction has been obtained. Further, it would place an impossible burden on a petitioner to require that he show after conviction how the intrusion upon his confidential attorney-client meetings affected the fairness of his trial. Such a rule would require the revelation of what was discussed at these meetings and how it was used to a petitioner's detriment. As this court noted in *Barber,* this would lead to a Catch-22 situation. In order to obtain relief, an accused would have to allow the violation once again of the right to privacy of communication with counsel. This court did not permit such a result in *Barber,* and it cannot permit it in this case.

The writ of habeas corpus is granted, the judgments vacated, and petitioners are ordered discharged from the restraints thereof.

Tobriner, J., Mosk, J., and Newman, J., concurred.

MANUEL, J.—For the reasons stated in my concurring and dissenting opinion in *Barber* v. *Municipal Court, ante,* at page 760 [157 Cal.Rptr.

668, 598 P.2d 828], I would grant the writ of habeas corpus, vacate the judgment, and remand for a new trial.

Richardson, J., concurred.

**CLARK, J.**—I would deny the writ for the reasons expressed in my dissenting opinion in *Barber* v. *Municipal Court, ante,* at page 763 [157 Cal.Rptr. 671, 598 P.2d 831].